**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA  57501-2463

**IRVIN N. HOYT**                                                                                   TELEPHONE (605) 224-0560
**BANKRUPTCY JUDGE**                                                                                       FAX (605) 224-9020

June 1, 2006

Michael A. Henderson, Esq.
Counsel for Plaintiff First Premier Bank
Post Office Box 1157
Sioux Falls, South Dakota  57101

    Subject:  *First Premier Bank v. Mary E. Engels
              (In re Engels)*, Adversary No. 06-4018;
              Chapter 7, Bankr. No. 05-42297

Dear Mr. Henderson:

    The matter before the Court is the Motion for Entry of Default Judgment filed by Plaintiff on May 5, 2006, and the supporting affidavit filed by Plaintiff's counsel on May 5, 2006.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052.  As set forth below, the Motion will be denied, and Plaintiff will be given 15 days to amend its complaint.

    *Summary*.  Plaintiff First Premier Bank filed a nondischargeability complaint against Defendant-Debtor under 11 U.S.C. § 523(a)(2)(A).  Plaintiff alleged Defendant-Debtor borrowed $2,000.00 from the Bank without an intention to repay.  Contrary to Fed.R.Bankr.P. 7009 and Fed.R.Civ.p. 9(b), no specific facts were alleged.  Defendant-Debtor failed to timely file an answer.

    *Discussion*.  Though Defendant-Debtor did not answer, the Court may only grant Plaintiff a default judgment if its allegations support the relief sought in Plaintiff's complaint.  *See Ryan v. Homecomings Financial Network*, 253 F.3d 778, 780-83 (4th Cir. 2001); *Miller v. Kasden* (*In re Kasden*), 209 B.R. 236 (B.A.P. 8th Cir. 1997) (both cited in *LuAnn K. Pfeifle v. Bud H. Williams (In re Pfeifle)*, Bankr. No. 03-41580, Adv. No. 04-4031, slip op. at 2 (Bankr. D.S.D. Aug. 26, 2004)).  Here, Plaintiff has not established a factual basis for a judgment of nondischargeability under § 523(a)(2)(A).

In re Engels
June 1, 2006
Page 2


As discussed in *Frank Guliuzza v. Glenn E. Wood (In re Glenn E. and Janet L. Wood)*, Bankr. No. 03-50375, Adversary No. 03-5015, slip op. 3 (Bankr. D.S.D. March 15, 2004), § 523(a)(2)(A) is not applicable to a "statement respecting the debtor's or an insider's financial condition[.]" A representation regarding a debtor's ability to pay is just such a statement respecting a debtor's financial condition. *Id*. at 3-4.

Given the present record, it appears the same circumstances exist here as did in *Wood*. Though the facts pled by Plaintiff are sparse, Plaintiff apparently believes Defendant-Debtor fraudulently misrepresented her ability to repay the debt at the time the loan was made. That representation is a statement regarding Defendant-Debtor's financial condition. Thus, it is not actionable under § 523(a)(2)(A).

The Court is not foreclosing the possibility Defendant-Debtor's alleged intention not to repay involved something more than her ability to pay. Plaintiff, however, has not pled anything more. Accordingly, Plaintiff's present Motion for Entry of Default Judgment will be denied. Plaintiff will be given 15 days to amend its complaint. If an amended complaint is not timely filed, Plaintiff's complaint will be dismissed, and the adversary proceeding will be closed.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC: adversary file (docket original; serve parties in interest)

---

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

**Charles L. Nail, Jr.**
**Clerk, U.S. Bankruptcy Court**
**District of South Dakota**

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota